**THEATRE TECHNIQUES, INC.,**
**Plaintiff,**

v.

**UNITED SCENIC ARTISTS LOCAL 829 OF the BROTHERHOOD OF PAINTERS AND ALLIED TRADES, AFL–CIO et al., Defendants.**

No. 76 Civ. 5417 (CMM).

United States District Court, S. D. New York.

Jan. 9, 1980.

Crossin & Crossin, Larchmont, N. Y., for plaintiff.

Cohen, Weiss & Simon, New York City, for defendants; Bruce H. Simon, Keith E. Secular, Jay P. Levy-Warren, New York City, of counsel.

METZNER, District Judge:

This is an application by the defendants for clarification of the opinion and order of this court dated October 31, 1979, granting partial summary judgment for defendants and denying summary judgment to plaintiff. That opinion did not specifically address the issue of whether the designer members of the defendant United Scenic

Artists, Local 829 of the Brotherhood of Painters and Allied Trades, AFL–CIO (the Local) are independent contractors.

Based on the briefs and affidavits submitted on the prior motions for summary judgment and on this application, I find that the defendants are not entitled to a finding that the status of the designers is irrelevant to the determination of the issues in this litigation.

The membership of the Local consists of both designers and scenic artists. Plaintiff claims that the designer members are independent contractors who control the Local by their number and consequent strong representation in its governing offices. It further claims that these designers conspired with union representatives and the New York City scenic shops to limit the scenery construction business to New York City in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2. It is alleged that the designers, by virtue of their control, were able to negotiate clauses favorable to their own business ends in the independent shop contracts concerned solely with the employment of the scenic artists. Plaintiff points specifically to the "most favored nations" and "per diem" clauses in those contracts as provisions which allocate the scenery construction market advantageously to the needs of the designers.

In short, plaintiff portrays the Local as primarily a group of independent businessmen masquerading as a union and using the employee status of its few scenic artist members to achieve the cloak of antitrust immunity.

Defendants first attack plaintiff's position by asserting that it failed to allege the conspiracy theory in the complaint and in its answers to interrogatories. This attack is unfounded. In its answers to defendants' first set of interrogatories plaintiff listed "designer members of Local 829" as participants in the conspiracies alleged in paragraphs 6, 7, 9, 11 and 12 of the complaint. See answers to interrogatories Nos. 17, 18, 19, 21 and 22. The allegations in the complaint adequately set forth the designer conspiracy theory.

Turning now to the question as to whether the status of the designer members of Local 829 is immaterial to the question of whether Local 829 is subject to the court's jurisdiction in light of the labor exemption to the antitrust laws. 15 U.S.C. § 17; 29 U.S.C. §§ 52, 104, 113. Those provisions exclude from the purview of the antitrust laws "labor organizations . . . lawfully carrying out the legitimate objects thereof" and "labor groups" involved in "labor disputes."

The crux of defendants' position is their contention that "it is the nature of the bargaining unit that determines the applicability of the labor exemption." They claim that since the contracts in question concerned themselves with scenic artists who admittedly are employees, the exemption applies as a matter of course. There is no need in their view to examine the make-up of the Local which acted as the bargaining agent.

Defendants cite no authority in point to support their position. They rely on cases holding that for the purpose of determining the applicability of Section 8(b) (unfair labor practices), a union cannot assert that the mere presence of some non-"employee" members takes the union outside the purview of the NLRA. *International Organization of Masters, Mates and Pilots v. NLRB*, 122 U.S.App.D.C. 74, 351 F.2d 771 (D.C. Cir. 1965); *National Marine Engineers Beneficial Ass'n v. NLRB*, 274 F.2d 167 (2d Cir. 1960); *Marine Engineers Beneficial Ass'n v. Interlake Steamship Co.*, 370 U.S. 173, 82 S.Ct. 1237, 8 L.Ed.2d 418 (1962).

In those cases the defendant unions attacked NLRB jurisdiction on the ground that some of their members were "supervisors" rather than "employees" and that therefore they did not qualify as "labor organizations" subject to the proscriptions of Section 8(b) of the NLRA. Judge Friendly, in *National Marine Engineers Beneficial Ass'n v. NLRB, supra*, refused to read the NLRA "so as to permit a union in which 'employees participate' to engage in acts branded as unfair labor practices by § 8(b) simply because the workers *on whose*

behalf the union was acting are all supervisors." 274 F.2d at 173 (emphasis added).

Judge Friendly's careful distinction between his interpretation of the term "labor organization" in his unfair labor practice case, and previous interpretations of the term in cases involving Section 164 and Section 185 of 29 U.S.C. indicates that analysis of the term must focus on the purpose underlying the particular statutory provision in which it appears. *National Marine Engineers Beneficial Ass'n v. NLRB*, 274 F.2d at 173.

■ We thus turn to the purpose of the antitrust laws and the labor exemption to determine whether a group of independent businessmen should be allowed to escape the sanctions of those laws due to the mere presence of some "employee"-members within the union. *See, Los Angeles Meat & Provisions Drivers Union v. United States*, 371 U.S. 94, 101, 102, 83 S.Ct. 162, 9 L.Ed.2d 150 (1962); *Allen Bradley Co. v. Local Union No. 3*, 325 U.S. 797, 808–11, 65 S.Ct. 1533, 89 L.Ed. 1939 (1945). The application of the labor exemption has not depended on the presence or absence of some "employees" within the union. Thus, in *United States v. Fish Smokers Trade Council, Inc.*, 183 F.Supp. 227 (S.D.N.Y. 1960), an antitrust violation was found even where independent contractors and "employees" were performing similar functions within the same union. In *Federation of Musicians v. Carroll*, 391 U.S. 99, 88 S.Ct. 1562, 20 L.Ed.2d 460 (1968), the presence of some "employees" within the union was not considered as a factor in granting the labor exemption to a group of independent contractors.

If, as alleged, the scenic artist employees are only pawns in the endeavors of independent contractors to restrain competition and allocate markets, the immunity question cannot be determined solely on the basis that the Local's membership includes employees, or that the contracts were negotiated on behalf of such employees. In such case Local 829 would have departed from the "legitimate objects" of labor and labor disputes. *United States v. Fish Smokers*

*Trade Council, Inc.*, 183 F.Supp. at 234; *United States v. Olympia Provision & Baking Co.*, 282 F.Supp. 819 (S.D.N.Y. 1968), aff'd sub. nom. *Provision Salesmen & Distributors Union, Local 627*, 393 U.S. 480, 89 S.Ct. 708, 21 L.Ed.2d 688 (1969). "The fact that the parties to the agreement are but a single employer and the unions representing its employees does not compel immunity for the agreement." *Local Union No. 189, Amalgamated Meat Cutters v. Jewel Tea Co., Inc.*, 381 U.S. 676, 689, 85 S.Ct. 1596, 1601, 14 L.Ed.2d 640 (1965).

■ The status of the designer members is also relevant to the plaintiff's claim that Local 829 as presently constituted is itself an unlawful combination apart from having engaged in a conspiracy with another party. Defendants attack that claim on the ground that a union cannot conspire with itself. Their use of the word conspire is unfortunate. The cases speak of a combination to restrain trade. In *Los Angeles Meat & Provision Drivers Union v. United States, supra*, a combination violative of the Sherman Act was found to exist within a union which had been joined by four independent contractors seeking to fix prices and allocate markets for their own benefit. The Supreme Court noted that nothing in the labor exemption provisions "insulates a combination in illegal restraint of trade between businessmen and a labor union from the sanctions of the antitrust laws." 371 U.S. at 100, 83 S.Ct. at 165. Thus, if the designer members of Local 829 are independent contractors using the union to achieve unlawful ends, the Local would lose any exemption it might have had in the first instance by reason of its representation of the scenic artists. *See Allen Bradley Co. v. Local Union No. 3, supra*.

The parties shall include in their pretrial order the issue of whether the designer-members of Local 829 constitute independent contractors, and shall address that issue at trial in accordance with the principles discussed herein.

So ordered.